15-3552-ag
*Singh v. Sessions*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand seventeen.

PRESENT:
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*
>
> LASHANN DEARCY HALL,
> > *District Judge.**

_____

JAGJEET SINGH,
> *Petitioner*,

v.                                                                      15-3552-ag

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

For Petitioner:                    GURPATWANT SINGH PANNUN, Jackson Heights, N.Y.

For Respondent:                    BRENDAN P. HOGAN, Trial Attorney; Benjamin C. Mizer, Principal Deputy

_____

\*        Judge LaShann DeArcy Hall, United States District Judge for the Eastern District of New York, sitting by designation.

Assistant Attorney General; Song Park, Senior Litigation Counsel; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**.

Petitioner Jagjeet Singh, a native and citizen of India, seeks review of an October 16, 2015, decision of the BIA affirming a December 9, 2013, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jagjeet Singh,* No. A205 427 652 (B.I.A. Oct. 16, 2015), *aff'g* No. A205 427 652 (Immig. Ct. N.Y. City Dec. 9, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir. 2008); *Pierre v. Gonzales*, 502 F.3d 109, 113 (2d Cir. 2007).

## A.    Asylum

Our jurisdiction to review the agency's finding that an asylum application is untimely is limited to constitutional claims and questions of law.

8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).  The agency erred as a matter of law in pretermitting Singh's asylum application as untimely filed.

An asylum applicant must "demonstrate[] by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States."  8 U.S.C. § 1158(a)(2)(B).  Here, however, the agency required Singh to definitively establish his arrival date, and ignored evidence that Singh lived in India during the year preceding his filing, which was material to whether he filed his application within one year of his arrival in the United States.  Accordingly, the agency erred as a matter of law by applying an incorrect burden and ignoring material evidence as to the timeliness of Singh's application and remand is required.  *See* 8 U.S.C. § 1158(a)(2)(B); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006) (explaining that application of "legally erroneous standard" or "fact-finding which is flawed by error of law" are reviewable issues).

## B.    Withholding of Removal and CAT Relief

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the . . . consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163–64.  The agency's adverse

3

credibility determination is not supported by the totality of the circumstances.

The agency found Singh not credible as to his claim that he was detained and beaten on two occasions in India because he omitted certain details of those beatings from his asylum application. The agency may, in certain circumstances, rely on omissions from an application in rendering an adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166–67 & n.3. However, an asylum applicant is not required to provide every detail of his claim in the application. *See Secaida-Rosales v. INS*, 331 F.3d 297, 308 (2d Cir. 2003) ("Although the application invites the applicant to attach additional pages, we think the small space on the form itself would hardly indicate to an applicant that the failure to include every detail regarding the basis for asylum could later lead to an adverse credibility finding when the applicant elaborates on [those dates] in the course of a deportation hearing."), *superseded by statute on other grounds as recognized in Xiu Xia Lin*, 534 F.3d at 167. Given that Singh's testimony and application were virtually identical with only one or two descriptive details missing from his initial written statement, the IJ erred in characterizing the statements as inconsistencies or omissions when viewed in light of the totality of the circumstances. *See id.*; *see also* 8 U.S.C. § 1158(b)(1)(B)(iii).

Without an adequate basis for questioning Singh's credibility, the agency was not permitted to rely solely on a failure to corroborate to find him not credible. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir. 2000); *Chuilu Liu*

4

*v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009). Because we cannot confidently predict that the agency would have made the same decision absent the identified errors, remand is required. *See Xiao Ji Chen*, 471 F.3d at 339.

Finally, we note that insofar as the BIA affirmed the IJ's alternative finding that Singh could relocate within India to avoid persecution, that finding was erroneous because the IJ improperly placed the burden of proof on Singh when his alleged persecutor was the Indian government. *See* 8 C.F.R. § 1208.16(b)(3)(ii) ("In cases in which the persecutor is a government or is government-sponsored, or the applicant has established persecution in the past, it shall be presumed that internal relocation would not be reasonable, unless the Service establishes by a preponderance of the evidence that under all circumstances it would be reasonable for the applicant to relocate.").

For the foregoing reasons, the petition for review is **GRANTED,** and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5